## IN THE UNTED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN ALLIANCE
FOR EQUAL RIGHTS AND DO NO
HARM,

       Case No. 25-13617
       Hon. Terrence G. Berg

       Plaintiffs,

     v.

BUCKFIRE & BUCKFIRE, P.C.,

       Defendant.

_____/

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES, AND
## DEMAND FOR TRIAL BY JURY

NOW COMES Defendant Buckfire & Buckfire, P.C. and for its Answer to Amended Complaint, Affirmative Defenses, and Demand for Trial by Jury states as follows:

1.    Neither admits nor denies and leaves Plaintiffs to their proofs.

2.    Admits it offers two scholarships but denies it racially discriminates against future lawyers and doctors because it is untrue. Denies the scholarships are contractual and that white applicants are not eligible unless they also "demonstrate[e] a defined commitment to issues of diversity" because it is untrue.

1

This allegation is frivolous and intentionally misrepresents the scholarship eligibility requirements to make them appear exclusionary when they are not.

3.  Neither admits nor denies this allegation.  Defendant further states that "white" is not adequately defined. It also falsely implies the scholarship winners were not deserving applicants and that white applicants, if any, were more deserving of the scholarships.

4.  Denied for the reason it is untrue and leaves Plaintiffs to their proofs.

5.  Neither admits nor denies that Plaintiffs had members who applied and leaves Plaintiffs to their proofs and denies any discrimination existed and that any alleged members were victims of discrimination.

6.  Neither admits nor denies and leaves Plaintiffs to their proofs.

7.  Neither admits nor denies and leaves Plaintiffs to their proofs.

8.  Neither admits nor denies and leaves Plaintiffs to their proofs.

9.  Neither admits nor denies and leaves Plaintiffs to their proofs but denies Plaintiffs and/or their alleged members have standing in this lawsuit.

10.  Admits.

11.  Neither admits nor denies and leaves Plaintiffs to their proofs.

12.  Neither admits nor denies and leaves Plaintiffs to their proofs.

13.  Admits Buckfire offers said scholarships.

14.  Admits the purpose of the scholarships is to help students.

15.   Admits a certified official copy of a transcript was required and a one-page essay is required, but Plaintiffs intentionally misrepresent the essay topic by omitting an alternative topic available to applicants regarding how they will promote diversity in the future. This material misrepresentation was intentional and for an improper purpose and subjects Plaintiffs to Rule 11 sanctions.

16.   Admits each scholarship award is $2,000 and further states the funds are paid directly to the educational institution and scholarship recipients receive no funds for their personal use and expenses.

17.   Neither admits nor denies and leaves Plaintiffs to their proofs. Defendant further states that Plaintiffs admit its applying Members agreed to permit Defendant to share their personal information with the public and waived specific rights against Defendant with respect to their privacy, assuming the trier of fact determines a contract existed between the members and Defendant. As such, Members have contractually consented to their identities and information being publicly disseminated in this case and if opposed, they have no basis for asserting the existence of a contract with Defendant.

18.   Admits.

19.     Admits in part and further states Plaintiffs intentionally omitted "or any individual" in this allegation for the purpose of misrepresenting eligibility as exclusionary, which they are not, as all applicants were required to write essays on alternative designated topics regardless of their race and ethnicity. Not a single student applied to either scholarship without submitting the required essay.

20.     Denies for the reason it is untrue as applicants were not required to disclose their race. The Race/Ethnicity box was not a required field to apply for scholarships and applicants were eligible if they chose not to select a field. Defendant further denies that that the application "forces applicants to select one of these seven categories" or report their ethnicity as this is untrue. This is another intentional misrepresentation by Plaintiffs and subjects them to Rule 11 sanctions.

21.     Denies for the reason this is untrue and leaves Plaintiffs to their proofs. Defendant furthers states that the alleged Member applicants agreed with the mission to promote ethnic diversity and submitted essays on the topics. Defendant further states there are white people who believe ethnic diversity and that promoting ethnic diversity is important in the United States.

22.     Denies for the reason this is untrue and leaves Plaintiffs to their proofs.

4

23.    Admits scholarships are announced each year and leaves Plaintiffs to their proofs regarding the race and ethnicity of previous winners, albeit such a claim is irrelevant to the instant lawsuit as only the 2025 scholarships are the subject of Plaintiffs' claims and Plaintiffs themselves have no standing to allege discrimination in previous years for the scholarships. Defendant further states there was no discrimination in previous scholarships.

24.    Denies for the reason this is untrue and leaves Plaintiffs to their proofs that Members A and B suffered harm caused by alleged discrimination.

25.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

26.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

27.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

28.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant denies that Member A submitted a compelling essay and/or it was more compelling than the winning essay. Defendant further states that past winners and their credentials

are irrelevant to any issue in this lawsuit as only the 2025 scholarship is at issue in this lawsuit.

29.     Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

30.     Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states Member A chose to incur significant student debt by attending an expensive private law school instead of a less costly public law school and incurred that debt prior to applying for Defendant's scholarship.  He had no expectation of receiving Defendant's scholarship when he began law school because he had not yet attended at least one semester of law school required to apply for the scholarship. In addition, he and his wife are legally and morally required to care for their children and pay their expenses absent the scholarship, and upon information and belief his wife is gainfully employed.

31.     Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Defendant further states that "hope" to win a scholarship is simply hope and he was not entitled to win the scholarship and should not have had any expectation of winning the scholarship to help cover personal expenses.

32. Defendant denies the skin color of Member A affected his chances of winning the scholarship and neither admits nor denies Member A's feelings were hurt and leaves Plaintiffs to their proofs. Defendant further states that Member A has not provided any evidence to establish the color of his skin, such as a government identification, birth certificate, or DNA sample.

33. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant states that Member A may apply for the 2026 scholarship if he meets the required criteria and his failure to do so through January 30, 2026 proves he does not need scholarship funds to offset his debts. Defendant denies discrimination against any person past, present, or future.

34. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Member B has not provided any proof he is white such as a government identification, birth certificate, or DNA sample.

35. Denied for the reason this is untrue. Member B filed an unofficial transcript which did not meet the criteria stated on the scholarship application page.

36. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. However, Member B filed an unofficial transcript and

not a required official certified transcript as stated on the scholarship application page.

37.  Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states Member B was not denied the scholarship but was simply a non-winner.

38.  Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

39.  Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states that Member B's failure to win other scholarships may be due to his credentials and unpersuasive essay writing and this will be the subject of discovery by Defendant.

40.  Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states that "hope" to win a scholarship is simply hope and he was not entitled to win the scholarship and should not have had any expectation of winning the scholarship to help cover tuition bills.

41.  Defendant denies the skin color of Member B affected his chances of winning the scholarship and neither admits nor denies Member B's feelings were hurt and leaves Plaintiffs to their proofs. Defendant further states that Member B has not provided any evidence to establish

the color of his skin, such as a government identification, birth certificate, or DNA sample.

42. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant states that Member B may apply to the 2026 scholarship if he meets the required criteria and his failure to do so through January 30, 2026, proves he does not need the scholarship funds to offset his debts. Defendant denies discrimination against any person past, present, or future.

43. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states Do No Harm provided no proof of membership.

44. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states Member 1 has provided no proof he is white, such as a government identification, birth certificate, or photograph.

45. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant further states the application was submitted untimely and only an unofficial transcript was submitted so he did not meet requirements.

46.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Defendant further states the application was submitted after the deadline and an official transcript was not submitted. His application was "received" after the deadline, but not "accepted" for the 2025 scholarship period due to tardiness, but he is in the pool of applicants will be considered for the 2026 scholarship if he submits his official medical school transcript prior to the deadline.

47.    Defendant denies for the reason this is untrue.  Defendant further states the application was not compelling, was submitted untimely, and only an unofficial transcript was provided. Defendant further denies that Member 1 was "denied" the scholarship but rather he was simply a non-winner.

48.    Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.   Defendant further states that "hope" to win a scholarship is simply hope and he was not entitled to win the scholarship. Further, Member 1 should not have had any expectation of winning the scholarship to help cover personal expenses, like caring for his 8-year-old daughter, which he was obligated to do morally and legally in the absence of a scholarship.  Defendant further states that Member 1 holds himself out as a successful business CEO and Analyst

and he apparently cared for his daughter for many years prior to his applying for the scholarship and hopefully continues to fulfill his legal and moral obligations of parenting his daughter to this date and in the future.

49. Defendant denies the skin color of Member 1 affected his chances of winning the scholarship and neither admits nor denies Member 1's feelings were hurt and leaves Plaintiffs to their proofs. Defendant further states that Member 1 has not provided any evidence to establish the color of his skin, such as a government identification, birth certificate, or DNA sample.

50. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. Defendant states that Member 1 did apply for the 2026 scholarship because he submitted his application after the 2025 deadline, albeit without an official transcript, so he is entered for the 2026 scholarship. Defendant denies any discrimination against any person, past, present, or future.

51. No response required.

52. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

53.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

54.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

55.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Plaintiffs apparently admit that Defendant was granted contractual rights from Member A, Member B, and Member 1 to publicly disseminate their identities and personal information, assuming the trier of fact finds contracts existed, and waived all privacy rights against Defendant.

56.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Defendant denies any discrimination.

57.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Defendant denies any discrimination based on race or any factor. The assertion that a nonminority was required to prove an extra "commitment to diversity" is another intentional misrepresentation of the scholarship requirements and subjects Plaintiffs to Rule 11 sanctions.

58.   Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs.  Defendant denies any discrimination and states that

Members were identified as "white" by Plaintiffs in their pleadings. More information about the non-winners, including but not limited to their sensitive feelings, will be ascertained during their discovery depositions, discovery, and review of their medical and psychological records. In addition, they will be required to undergo independent mental health examinations to determine the nature and extent of their hurt feelings needed to support that damage claims. Further, Plaintiffs' allegation that Buckfire "boasts" about a 100% nonwhite scholarship history win rate is simply untrue and is another example of intentional misrepresentations that subject Plaintiffs to Rule 11 Sanctions.

59. Defendant neither admits nor denies this allegation and leaves Plaintiffs to their proofs. In addition, Buckfire lets "all whites" who meet application requirements apply and not "some whites" as Plaintiffs assert. Defendant denies any discrimination based on race or any other factor.

WHEREFORE, Defendant requests the instant suit be dismissed with prejudice and attorney's fees, costs against Plaintiffs for bringing this frivolous and baseless lawsuit.

WHEREFORE, Defendant requests Rule 11 Sanctions be assessed to Plaintiffs for the multiple factual misstatements in both their Complaint and First

Amended Complaint that were intentional material misrepresentations knowingly made to deceive the Court and trier of fact.

## **Affirmative Defenses**

NOW COMES Defendant and pursuant to Fed. R. Civ. P 8(c) for its Affirmative Defenses states:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The individual Members lack Article III standing to sue.

3. The organizations lack Article III standing to sue.

4. There was no contract between specific Members and Defendant.

5. White/Caucasians, including the Members, were not excluded from applying for scholarships and did apply for them.

6. Plaintiffs have no evidence that non-Latino applicants chose not to apply for the diversity scholarships because they were excluded or believed they were excluded from applying for them.

7. All applicants, regardless of race, ethnicity, or skin color had the same requirements for the scholarships and consideration for winning.

8. There is no evidence that race was a determinative factor in awarding scholarships.

9. Plaintiffs failed to prove the three Members are white.

10. Plaintiffs are unable to establish discriminatory intent in eligibility for scholarships or students being awarded scholarships.

11. Plaintiffs cannot establish that Members would have been awarded Scholarships "but for" discrimination based on race and/or ethnicity.

12. Defendant did not use race or ethnicity in determining scholarship winners and selection of winners was discretionary.

13. Members were not the most deserving candidates to win the scholarships.

14. Courts do not recognize the "I didn't win" claim where there is no basis for claiming discrimination was a factor in determining scholarship winners.

15. Members lost a competitive process and not because of discrimination.

16. Members had no entitlement or property interest in the scholarship funds and only a low statistical probability of success based on the number of applicants.

17. No "loss of opportunity" or "loss of chance" existed for any Member because none were barred or excluded from the scholarships and competed on equal footing with all other applicants.

18. The Members had the same probability of winning the scholarship as

other applicants and their chances were not reduced to zero.

19. Plaintiffs' claims are speculative and rely on conjecture, assumptions, and feelings instead of facts.

20. Defendant is protected by its First Amendment rights to define scholarship program objectives, which include essays focused on diversity.

21. Plaintiff organizations and their members did not suffer damages.

22. Plaintiff Members failed to allege and cannot prove that any Member had legally cognizable financial need for Defendant's discretionary scholarship or that any Member suffered harm because of Defendant.

23. No Member was entitled to funds, and denial of a discretionary award does not constitute injury or damages.

24. Nominal damages are not available to any Member or the organizations because there was no constitutional or statutory violation.

25. Defendant's scholarship program does not create contractual rights or a reasonable expectation of receiving funds, so no applicant— including Plaintiffs' alleged Members—had an economic expectancy capable of supporting damages under §1981 or any other law.

26. No compensable damages exist under §1981 for subjective offense or

Unrealized hope of receiving a discretionary scholarship.

27. Member A and Member B could not each win as only one law scholarship was available in 2025.

28. Any alleged financial burdens—such as tuition expenses, student loans, cost of living, and/or childcare costs were self-inflicted by the Members and were not caused by Defendant. These burdens were incurred and would have existed regardless of Defendant's scholarship decisions and are therefore too speculative and indirect to establish damages or standing in this lawsuit.

29. Members did not rely on receiving a diversity scholarship offered by Defendant by taking any course of action, including by choosing a graduate school, taking out student loans, and/or budgeting for personal expenses and family care matters.

30. Members alleged debts and financial problems and deficits are the result of their own poor decision making, poor spending habits, and poor saving habits.

31. Members with children claiming that not being awarded a disability scholarship impaired or affected their ability to support or raise their children should have considered the costs associated with attending graduate school in their decision-making process and not relied on a

random diversity scholarship to ease their financial stress and to take care of their child(ren).

32. Plaintiff Members failed to mitigate their alleged financial damages by seeking other means to assist with tuition and personal expenses, including but not limited to applying for more scholarships or grants, through full-time or part-time paid employment, through contract work, or by other means.

33. The maximum possible economic loss for the law scholarship for $2,000 so Member A and Member B cannot each claim $2,000 in damages as this would result in a 200% recovery of a single benefit.

34. Alleged feelings of "insult," "offense," or "hurt" do not constitute actual damages, do not satisfy Article III injury-in-fact requirements, and do not provide grounds for legal and equitable relief.

35. Allegations of mere "insult" or "hurt" feelings do not constitute actual damages and are typically insufficient to satisfy the "concrete and particularized" injury requirement to sue.

36. Plaintiffs never contacted Defendant regarding any of the alleged concerns prior to litigation, depriving Defendant of evaluating the claims and of any opportunity to clarify or resolve any of the alleged misunderstandings if appropriate, and instead filed this instant suit for

the purpose of harassment and to garner publicity. As such, all attorney fees paid by Plaintiffs, and to be incurred by Plaintiffs, in this suit was their own choosing and not the result of any conduct of Defendant and all claims for attorney's fees are frivolous.

37. Plaintiffs filing of the lawsuit for the nefarious purpose to collect attorney's fees from Defendant are subject to Rule 11 sanctions.

38. Members consented to Defendant making their names and personal information being made public and waived all liability and claims against Defendant.

39. The lawsuit Complaint contains intentional material misrepresentations and was filed for purposes of harassment, to intimidate scholarship providers, to solicit donors, and for other improper purposes.

40. Members failed to follow requirements in applying for scholarships.

41. The selection of scholarship winners is subjective and discretionary.

42. Plaintiff representatives Stanley Goldfarb and Edward Blum published slanderous and defamatory statements and distributed them to national media that harmed Defendant and its reputation and are liable to Defendant for civil damages. Defendant reserves the right to file a Countersuit or later lawsuit for these and other civil claims against

them individually and their organizations.

43.  Plaintiffs failed to articulate the language it would consider to be non-discriminatory with respect to Defendant's scholarships.

44.  Scholarship applicants were not required to disclose their race or ethnicity.

45.  American Alliance for Equal Rights failed to comply with requirements for a 501(c)(3) organization and does not have tax exempt status.

46.  Do No Harm failed to comply with requirements for a 501(c)(3) organization and does not have tax exempt status.

47.  Member A and Member B failed to apply for the Buckfire & Buckfire, P.C. 2026 scholarships which evidences their lack of need for scholarship funds.

48.  Injunctive relief is inappropriate because the scholarships have been awarded.

49.  Plaintiffs are liable to Defendant for attorney's fees and sanctions.

50.  Defendant reserves the right to file Amended Affirmative Defenses.

## Jury Demand

Defendant hereby demands trial by jury on all issues in this matter.

Respectfully submitted

By **/s/ Lawrence J. Buckfire**
LAWRENCE J. BUCKFIRE P42841
ROBERT J. LANTZY P57013
BUCKFIRE LAW FIRM
Attorney for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, MI 48034
(248) 569-4646
robert@buckfirelaw.com
larry@buckfirelaw.com

Dated: January 30, 2026

## Declaration of Service

I hereby certify that on January 30, 2026, I electronically submitted the foregoing pleading with the clerk using the EFC system, which will send notification to all attorneys of records.

**/s/ Lawrence J. Buckfire**
Lawrence J. Buckfire
Counsel for Defendant Buckfire & Buckfire P.C.